UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-09062-SVW-SSC | Date | May 1, 2026 |
|---|---|---|---|

| Title | *Paul Elliott Trustee of The Spencer Elliott Living Trust v. Securities and Exchange Commission* |
|---|---|

**Present: The Honorable**    STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**    ORDER DENYING PLAINTIFF'S MOTION TO REMAND [23] AND GRANTING DEFENDANT'S MOTION TO DISMISS [29]

## I.    Introduction

Before the Court are Plaintiff Paul Elliott Trustee of The Spencer Elliott Living Trust's ("Petitioner") motion to remand and Defendant Securities and Exchange Commission's ("SEC") motion to dismiss. Petitioner's Motion to Remand ("Rem. Mot."), ECF No. 23; Defendant's Motion to Dismiss ("Mot. to Dism."), ECF No. 29. For the following reasons, Petitioner's motion to remand is DENIED and Defendant's motion to dismiss is GRANTED.

## II.    Background

On July 20, 2015, Anthony Spencer ("Spencer") and Kiersten Elliott (collectively the "Settlors") established the revocable Spencer Elliott Living Trust (the "Trust"), naming themselves as lifetime beneficiaries and trustees. Petition ("Pet."), ECF No. 1-1, ¶ 6. On October 20, 2020, the Settlors amended the Trust to appoint Keats Elliott as the trust protector and replace the Settlors as lifetime beneficiaries with their two children. *Id.* ¶ 7. The Trust also became irrevocable through this amendment. *Id.*

On May 15, 2023, the SEC filed a fraud action against Red Rocks Secured, LLC and Anthony Spencer ("Spencer")—a salesperson for the LLC—in federal court. *Id.* ¶ 11; *see SEC v. Red Rock Secured, et al.*, 2:23-cv-03682-RGK-PVC (C.D. Cal.) ("*Red Rock* Action"). Ultimately, Spencer settled with the

:

Initials of Preparer    DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-09062-SVW-SSC | Date | May 1, 2026 |
|---|---|---|---|

| Title | *Paul Elliott Trustee of The Spencer Elliott Living Trust v. Securities and Exchange Commission* |
|---|---|

SEC on April 2, 2024 for around $2.4 million. Pet. ¶ 11. On April 23, 2024, the court entered judgment against Spencer. *Id.* On November 2, 2024, the trust protector removed both Settlors as trustees and appointed the nominated successor trustee, Petitioner Paul Elliott, as trustee. *Id.* ¶ 10.

On February 7, 2025, the *Red Rock* court held Spencer in contempt, finding that "his claimed inability to pay was due to his own decision to transfer millions of dollars in assets to an irrevocable trust that [Spencer] seemingly had unfettered access to, despite not being a trustee or beneficiary." *Red Rock* Action, ECF No. 180, at 1.

On March 19, 2025, Petitioner filed a petition in California probate court seeking authorization to transfer money to Spencer and instructions regarding the amount of money Petitioner should transfer to Spencer—i.e., whether it should be the money transferred to the Trust following the *Red Rock* settlement agreement or the money transferred to the Trust from the inception of the SEC's federal action against Spencer. Pet. ¶¶ 22, 26. Petitioner also seeks an order stating that "[t]he Trust has complied with all if [sic] its obligations and is not subject to any further liability from the SEC based on Settlor Anthony Spencer's judgment in the Federal Action." *See* Pet.

On August 19, 2025, the *Red Rock* court issued an order directing the clerk to issue a writ of continuing garnishment with respect to Petitioner in his capacity as trustee, as well as a notice of continuing garnishment to Spencer. *Red Rock* Action, ECF No. 245. The SEC then filed and served a writ of continuing garnishment on Petitioner. *Red Rock* Action, ECF No. 246 ("Writ of Continuing Garnishment Against Petitioner").

On August 25, 2025, the state probate court granted the SEC's motion to intervene in the state court action. Notice of Removal, ECF No. 1, ¶ 13. The SEC subsequently removed the action to this court on September 23, 2025. *See id.* On December 4, 2025, Petitioner filed a motion to remand the case back to state court. *See* Rem. Mot. On January 15, 2026, the SEC filed a motion to dismiss the case. *See* Mot. to Dism.

:

Initials of Preparer     DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-09062-SVW-SSC | Date | May 1, 2026 |
|---|---|---|---|

| Title | *Paul Elliott Trustee of The Spencer Elliott Living Trust v. Securities and Exchange Commission* |
|---|---|

### III.    Legal Standard

#### A.  Motion to Remand

"Federal courts are courts of limited jurisdiction . . . ." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). As such, a federal court can only exercise jurisdiction over actions where a federal question exists, or where there is (1) complete diversity of citizenship between the parties and (2) the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332.

Pursuant to 28 U.S.C. § 1441(a), "a defendant may remove any action filed in state court if a federal district court would have had original jurisdiction." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2021). The Ninth Circuit strictly construes the removal statute against removal, and jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus v. Miles, Inc.*, 980 F.2d 564, 565 (9th Cir. 1997). Accordingly, there is a strong presumption against removal jurisdiction that results in the defendant shouldering the burden of establishing that removal is proper. *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir.1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.1988)). The burden includes "actually proving the facts to support jurisdiction, including the jurisdictional amount." *Id.* at 567. (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

#### B.  Motion to Dismiss

Dismissal under Rule 12(b)(1) is proper if the Court lacks subject matter jurisdiction to adjudicate a party's claims. Fed. R. Civ. P. 12(b)(1); *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039-40 (9th Cir. 2003). When considering a motion to dismiss for lack of subject matter jurisdiction, the court is "not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1998). Importantly, it is the plaintiffs, not the moving party, that "bear[s] the burden of proof for establishing jurisdiction." *Sopcak v. No. Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995).

:

| Initials of Preparer | DTA |
|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-09062-SVW-SSC | Date | May 1, 2026 |
|---|---|---|---|

| Title | *Paul Elliott Trustee of The Spencer Elliott Living Trust v. Securities and Exchange Commission* |
|---|---|

## IV.      Discussion

### A.  Motion to Remand

Petitioner challenges subject matter jurisdiction on two grounds: (1) federal officer removal is not proper; and (2) the post-*Marshall* probate exception bars federal jurisdiction. We address each in turn.

#### i.          Federal Officer Removal

28 U.S.C. § 1442(a)(1) provides for the removal to federal court of state court actions against "[t]he United States or any agency thereof or any officer (or any person acting under that officer)." "To remove a state court action under the federal officer removal statute, a defendant must establish that '(a) it is a person within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a colorable federal defense.'" *Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679, 684 (9th Cir. 2022) (quoting *Stirling v. Minasian*, 955 F.3d 795, 800 (9th Cir. 2020)).

Petitioner contends federal officer removal was improper because the SEC cannot assert a colorable federal defense. Rem. Mot. at 8. The SEC on the other hand states it has at least two colorable federal defenses: (1) sovereign immunity; and (2) the SEC's collection rights under the Fair Debt Collection Practice Act. We find that the SEC can assert a colorable federal defense—sovereign immunity. The Court discusses this defense in far greater detail later in this Order when it grants the SEC's motion to dismiss by reason of sovereign immunity.

#### ii.         Probate Exception

"The probate exception to federal jurisdiction reserves probate matters to state probate courts and precludes federal courts from disposing of property in the custody of a state court." *Goncalves By & Through Goncalves v. Rady Children's Hosp. San Diego*, 865 F.3d 1237, 1251 (9th Cir. 2017) (citing *Marshall v. Marshall*, 547 U.S. 293, 311 (2006)). The Ninth Circuit has found that the probate exception applies when "a federal court is endeavoring to (1) probate or annul a will, (2) administer a decedent's

:

_____     _____
Initials of Preparer        DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-09062-SVW-SSC | Date | May 1, 2026 |
| Title | *Paul Elliott Trustee of The Spencer Elliott Living Trust v. Securities and Exchange Commission* | | |

estate, or (3) assume *in rem* jurisdiction over property that is in the custody of the probate court." *Id.* at 1252.

Petitioner contends the probate exception necessitates remand because the state probate court exercised *in rem* jurisdiction over the trust *res* at the time of removal. Rem. Mot. at 9. Per the Ninth Circuit, addressing Petitioner's argument entails an analysis under the prior exclusive jurisdiction doctrine. *Goncalves*, 865 F.3d at 1253 (citing *Marshall*, 547 U.S. at 312). This doctrine is a "mandatory jurisdictional limitation" that prohibits federal and state courts from concurrently exercising jurisdiction over the same *res*. *Id.* (quoting *Chapman v. Deutsche Bank Nat'l Tr. Co.*, 651 F.3d 1039, 1043 (9th Cir. 2011)). "If both courts exercise either *in rem* or *quasi in rem* jurisdiction, then the courts may be simultaneously exercising jurisdiction over the same property, in which case the prior exclusive jurisdiction doctrine applies and the district court is precluded from exercising jurisdiction over the *res*." *Id.* However, where a judgment is strictly *in personam*, a federal court may proceed with the litigation. *Id.* at 1254.

"An action is *in rem* when it 'determine[s] interests in specific property as against the whole world.'" *Id.* (quoting *State Eng'r v. S. Fork Band of Te–Maok Tribe of W. Shoshone Indians*, 339 F.3d 804, 810 (9th Cir. 2003)). "Under California law, a suit proceeds in rem [only] where property is seized and sought to be held for the satisfaction of an asserted charge against property without regard to the title of individual claimants to the property." *Id.* (internal quotation marks and citations omitted). An action is *quasi in rem* when it is brought "against the defendants personally but the parties' interests in the property serve as the basis of the jurisdiction." *Id.* (cleaned up).

"On the other hand, where a party initiates an action merely to 'determine the personal rights and obligations of the defendant[ ],' the court asserts *in personam* jurisdiction." *Hanover Ins. Co. v. Fremont Bank*, 68 F. Supp. 3d 1085, 1109 (N.D. Cal. 2014) (quoting *Pennoyer v. Neff*, 95 U.S. 714, 727 (1877)) (alteration in original). "A federal court 'may proceed to judgment *in personam*, adjudicating rights in the *res* and leaving the *in personam* judgment to bind as res judicata the court having jurisdiction of the *res*." *Goncalves*, 865 F.3d at 1254 (quoting *Jackson v. U.S. Nat'l Bank*, 153 F.Supp. 104, 110 (D. Or. 1957)).

:

| | |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-09062-SVW-SSC | Date | May 1, 2026 |
|---|---|---|---|

| Title | *Paul Elliott Trustee of The Spencer Elliott Living Trust v. Securities and Exchange Commission* |
|---|---|

We conclude that the action before us is best classified as *in personam*. Instead of asking to determine interests in "specific property as against the whole world," *id.* at 1254, Petitioner asks us to "determine the rights and obligations of" Spencer under the fraudulent transfer doctrine, *Fremont Bank*, 68 F. Supp. 3d at 1085.

The *Goncalves* decision is on point. In *Goncalves*, insurance companies asserted a lien against Lucas Goncalve's putative future settlement proceeds in an ongoing medical negligent action in California Superior Cour to satisfy a subrogation clause in a Federal Employee Health Benefit Act health insurance plan that the insurance companies administered. *Goncalves*, 865 F.3d at 1242. When Goncalves asked the state court to expunge the lien, the insurance companies removed the action to federal court. *Id.* The district court found that any exercise of federal jurisdiction would interfere with the probate proceedings in California and remanded the case to state court. *Id.* at 1243. The Ninth Circuit reversed, holding that the prior exclusive jurisdiction doctrine does not bar the case from being heard in federal court. *Id.* at 1256. The Ninth Circuit found that the insurance companies' action should be classified as *in personam* because the insurance companies were merely seeking the district court's determination of their rights, not enforcement of the lien. *Id.* at 1254 (citing *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939); *Commonwealth Tr. Co. of Pittsburgh v. Bradford*, 297 U.S. 613, 619 (1936) (holding that a determination of rights to trust funds was not *in rem* because it sought "only to establish rights" rather than to "deal with the property and other distribution"). The same is true here. This Court is being called upon to determine the rights to money in the Trust: what amount of funds can be conveyed from the Trust to Spencer.

The *Goncalves* court emphasized that at the time the insurance companies removed the case to federal court, the superior court had not exercised *in rem* or *quasi in rem* jurisdiction as the court had not taken possession or custody of any property. *Id.* at 1255. Similarly, here, the property at issue is held by Petitioner in the Trust, not the court. *See Chevalier v. Est. of Barnhart*, 803 F.3d 789, 804 (6th Cir. 2015) ("[T]he probate exception does not divest a federal court of subject-matter jurisdiction unless a probate court is already exercising in rem jurisdiction over the property at the time that the plaintiff files her complaint in federal court."); *Curtis v. Brunsting*, 704 F.3d 406, 409-10 (5th Cir. 2013) ("As a threshold

:

_____       _____
Initials of Preparer              DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-09062-SVW-SSC | Date | May 1, 2026 |
|---|---|---|---|
| Title | *Paul Elliott Trustee of The Spencer Elliott Living Trust v. Securities and Exchange Commission* | | |

matter, the probate exception only applies if the dispute concerns property within the custody of a state court").

We follow the reasoning outlined in *Goncalves* and conclude that the probate exception does not apply given the Petition asks for a determination of rights to funds in the Trust.

* * *

Because we conclude that federal officer removal was proper and that the probate exception does not apply, the Court DENIES Petitioner's motion to remand.

### B. Motion to Dismiss

The SEC moves to dismiss Petitioner's case for lack of subject matter jurisdiction because it contends it is entitled to sovereign immunity. Mot. to Dism. at 4. Indeed, "the United States is immune from suit unless it consents to waive its sovereign immunity." *Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997). Petitioner, however, does not argue that sovereign immunity has been waived. Rather, Petitioner contends that sovereign immunity is not even implicated in the first place. Petitioner's position is based on two arguments: (1) Petitioner is not a "plaintiff" in this action and the SEC is not a "defendant;" and (2) sovereign immunity does not apply because the Petition does not adversely affect the SEC's interests. Petitioner's Opposition to Mot. to Dism. ("Opp."), ECF No. 36, at 9-14.

This case's procedural posture is more complex than what the case caption indicates—i.e., that Petitioner is a "plaintiff" and the SEC is a "defendant." Petitioner filed a petition in state probate court seeking instructions regarding assets in a trust. Meanwhile, the SEC intervened in the action as an interested party and removed the case to federal court.

Courts across the country have nevertheless found that sovereign immunity can be implicated even where the United States was never properly named as a defendant in a lawsuit. These courts generally utilize an "interests analysis" to determine whether sovereign immunity is implicated—i.e., a suit lies

:

| | |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-09062-SVW-SSC | Date | May 1, 2026 |
|---|---|---|---|
| Title | *Paul Elliott Trustee of The Spencer Elliott Living Trust v. Securities and Exchange Commission* | | |

against the United States where it meaningfully affects the United States's interests. *See Allen v. Allen*, 291 F. Supp. 312, 314 (S.D. Iowa 1968) ("A suit, however captioned, is one against the United States if the judgment sought would expend itself on the public treasury or interfere with the public administration.") (citing *Land v. Dollar*, 330 U.S. 731 (1947)); *Gardner v. Stager*, 892 F. Supp. 1301, 1302 (D. Nev. 1995), *aff'd*, 103 F.3d 886 (9th Cir. 1996) ("'[S]uits in which governmental property rights are challenged in reality are against the United States and are barred by sovereign immunity' unless there is a statutory waiver of that immunity." (quoting 14 Charles A. Wright, et al., Federal Practice & Procedure § 3655, at 222 (2d ed. 1985)) (citing *Manwell v. Public Housing Admin.*, 165 F.Supp. 439 (N.D.Cal.1958)); *Philadelphia Cmty. Dev. Coal. v. Wells*, 790 F. Supp. 3d 423, 429 (E.D. Pa. 2025) (finding sovereign immunity implicated where "lawsuit meaningfully implicates the federal government's interests"); *Commonwealth Pres. All., Inc. v. Delgado*, 2025 WL 3642046, at *4 (E.D. Pa. Dec. 16, 2025) (same); *Nat'l Indian Youth Council, Intermountain Indian Sch. Chapter v. Bruce*, 485 F.2d 97, 99 (10th Cir. 1973) ("The general rule is that a suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act." (internal quotation marks and citations omitted)).

For example, in *Philadelphia Cmty. Dev. Coal. v. Wells*, a local non-profit sought to conserve a property encumbered by a lien held by the U.S. Department of Housing and Urban Development ("HUD"). 790 F. Supp. 3d at 424. HUD removed the conservatorship action from state court and sought dismissal of the petition based on sovereign immunity. *Id.* The court found that HUD was entitled to sovereign immunity absent a waiver. *Id.* at 429. The court found that the lawsuit "meaningfully implicate[d] the federal government's interests" because "virtually any outcome of the [conservator] Petition pose[d] some material threat to HUD's federally mandated objectives to protect against both discharge and diminution of its . . . lien's value." *Id.* at 428-29. If HUD were to be deemed the conservator, it would have had to pay various costs or even rehabilitate the property. *Id.* On the other hand, if the local non-profit were appointed conservator, any repair or conservator costs would create a priority lien with precedence over HUD. *Id.* at 429.

:

Initials of Preparer          DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-09062-SVW-SSC | Date | May 1, 2026 |
|---|---|---|---|
| Title | *Paul Elliott Trustee of The Spencer Elliott Living Trust v. Securities and Exchange Commission* | | |

We similarly find that the action before us is barred without an explicit waiver of sovereign immunity. The SEC has a direct interest in any monies Spencer fraudulently transferred into the Trust to escape the SEC settlement. *See* Writ of Continuing Garnishment Against Petitioner. Petitioner even recognized this interest in his answer to the SEC's writ of continuing garnishment. *Red Rock* Action, ECF No. 248 ("if the [probate court] orders [Petitioner] to re-convey the monies [Spencer] transferred to the Trust, pursuant to this Writ, [Petitioner] will pay [the SEC] the monies ordered returned."). So, sovereign immunity is implicated because the relief requested in the Petition materially affects the SEC's interest in reclaiming any fraudulently transferred monies. The Petition itself hinges on remedying the Trust's exposure to the SEC under the fraudulent transfer doctrine. Pet. ¶¶ 3, 19. Petitioner requests an instruction on how much money to convey back to Spencer in light of his transfers to the Trust, and even asks for an order that "the Trust has complied with all if [sic] its obligations and is not subject to any further liability from the SEC based on Settlor Anthony Spencer's judgment in the Federal Action." *Id.* Any decision on the Petition will impact the SEC's ability to recover money owed to it, especially since Petitioner asks for an order shielding the Trust from any future liability from the SEC. Accordingly, the Court GRANTS the SEC's motion to dismiss as Congress has not waived sovereign immunity in this case.

**V.      Conclusion**

For the foregoing reasons, this Court DENIES Petitioner's motion to remand and GRANTS Defendant's motion to dismiss. The motion hearing scheduled for May 4, 2026, is VACATED.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | DTA |